Hyman Barshay, J.
The defendant was indicted for murder in the first degree and on September 24, 1957, he pleaded guilty to manslaughter in the first degree, unarmed. He was remanded to the city prison pending sentence. While there, his conduct was such that the warden sought and obtained an order transferring him to the Kings County Hospital, psychiatric division, for examination. The order was dated. October 15,1957. Upon *180 the completion of the medical examination, two certified psychiatrists reported to this court on December 12, 1957, that the defendant was ‘ ‘ insane, not imbecile, incapable of understanding his charge, the proceedings against him, and of making his defense.” In support of their conclusion, they filed with this court a detailed written report, dated December 19, 1957, which included a prior history of this defendant at that institution. A copy of that report was forwarded to the District Attorney and to the defendant’s counsel. The psychiatrists recommended that this defendant be certified to the Matteawan State Hospital for treatment of his mental condition.
His counsel moved to confirm the report and on consent of the District Attorney, the report was confirmed and the defendant was committed to the Matteawan State Hospital, there to remain until such time as the authorities of that institution certify that he is sane at which time he is to be returned to the County Court of Kings County for trial or other disposition of the indictment.
He now moves to withdraw his plea of guilty and to reinstate his plea of not guilty to the original indictment. Counsel contends that the determination of the defendant’s mental condition so soon after his entry of a plea of guilty to manslaughter in the first degree, justifies the conclusion that at the time he entered such plea, he was insane and that he was incapable of understanding the charge against him, the proceedings against him and of making his defense. At the time of the plea, counsel neither suggested to the court that the defendant was suffering from any mental disease nor applied that he be committed for psychiatric examination. The court found no reason to do so of its own volition. The stenographic minutes reveal that questions put to him at the time of his plea of guilty were coherent and responsive. Nevertheless, the report of the experts convinces this court that the mental condition they found the defendant suffering from may have existed for some time preceding the time of his plea of guilty. The motion is, therefore, granted. The plea of guilty to manslaughter in the first degree heretofore entered on September 24, 1957 is vacated and set aside and the plea of not guilty to the indictment is reinstated. If and when he is certified as sane, the defendant is to be returned to the County Court for trial or other disposition of the original indictment. Submit order.